## HILLSBOROUGH.

### CASS v. STEARNS.

Each of several petitioners for a highway, who allows the suit to be prosecuted without objection, is liable for his proportion of the reasonable and necessary expenses of prosecution.

ASSUMPSIT, upon an account for services rendered and money expended in the unsuccessful prosecution of a petition for a highway.

*Burnham & Brown*, for the plaintiff.

*Drury & Peaslee*, for the defendant.

ALLEN, J. The parties were two of eighty-two petitioners for a new highway in Manchester. The plaintiff employed counsel, procured the attendance of witnesses, attended the hearings before the commissioners, and took general charge of the prosecution of the petition, and did this without any formal request or appointment from the other petitioners. He brings this suit against the defendant for his proportionate share of the expense, being charges for the plaintiff's services and for counsel fees assumed by him. The petition for the highway failed.

When the petition for a new highway fails, the petitioners are liable to the town for costs; and if the petition in such case is for a highway in two or more towns, they are liable for costs to each town severally. *Currier* v. *Grafton*, 28 N. H. 73. And petitioners for a highway are liable for the necessary expenditures

incurred in endeavoring to procure the highway to be laid out. *Burnham* v. *Steele*, 8 N. H. 182. In the latter case the plaintiff was agent for the petitioners, but it did not appear that the defendant acted in making the appointment; and the court, *Parker*, J., say,—" There is no legal ground for the position that the subscribers to a petition for a highway are not liable for the expenses incurred in presenting and pursuing the petition, if there is no contract or understanding to the contrary between them. They unite in seeking an object, in the accomplishment of which expense is necessarily incurred; and, upon common principles of justice, must be understood as promising to pay those expenses, unless there are some special circumstances to negative such a presumption."

This language is broad, and is enough to cover all cases of petitions in court signed by several persons, whether the petitioners prosecute by an agent or not. But, assuming that the appointment of an agent is necessary in order to charge the expense made upon the parties, it will not be claimed that an express appointment is necessary. When, as in this case, the defendant signed the petition, and had no understanding or agreement as to costs, and with his knowledge, and without any objection on his part, counsel were employed who prosecuted the petition and incurred expenses about it, the defendant must be held to have consented to what was done, and is now estopped from objecting to the plaintiff's authority.

The defendant, having with others signed the petition without specially objecting to being charged with costs, and without any special agreement in that regard with the plaintiff, stands as a surety for the legitimate expense, and is liable in contribution to the plaintiff for his true share of the costs of the proceeding. This liability does not arise from contract, but rather on the ground that "equality of burden as to a common right is equity." *Kent*, Ch., in *Campbell* v. *Mesier*, 4 Johns. Ch. 334. In such a case the obligation arises not so much from the agreement as from the relation of the parties, who, acting from a common purpose to secure a common object, are liable to contribute equally to the expense; and when one with a knowledge of all the others in the first instance assumes the whole burden, the others, in the absence of agreement to the contrary, may be made to contribute their *pro rata* share of the expense. *Fletcher* v. *Grover*, 11 N. H. 368, 372; *Burnham* v. *Steele, supra.*

The defendant, being a party to the record appearing, and presumed to know what the proceedings were in the case, might, if he was not satisfied with the plaintiff's action, have objected, or he might have withdrawn from the case before the hearing upon it. In that case he would have been charged only with his share of the expense to that time. *Webster* v. *Bridgewater*, 63 N. H. 296. This he did not do. Being a party to the case, he had knowl-

edge of the facts, and did not object or withdraw. No special agreement or other reason being shown for relieving him of his share of the costs, he must be held liable in this action. Of the eighty-two petitioners, only forty were solvent. The plaintiff is entitled to recover one fortieth of his whole expense of each of the solvent signers, and that is the share which must be assigned the defendant to pay. 1 Par. Cont., s. 32; *Henderson* v. *McDuffee*, 5 N. H. 38, 40; *Erickson* v. *Nesmith*, 46 N. H. 371, 378: *Conn. River Savings Bank* v. *Fiske*, 62 N. H. 178, 184.

It appears by the case that three dollars of the amount charged by the plaintiff was for money paid the plaintiff's attorneys in attempting to collect their bill for services of the petitioners for the highway. This was no part of the expense incurred in the highway proceedings, and cannot be recovered in this suit. Deducting the defendant's share of this, about seven cents, there remains $6.71 as the defendant's share of the actual expense. For this sum, with interest from the date of his writ, there must be

*Judgment for the plaintiff.*

BLODGETT, J., did not sit : the others concurred.